UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY SETCHFIELD<br>and RACHEL SETCHFIELD,<br><br>    Plaintiffs,<br><br>vs.<br><br>FAIRWAY INDEPENDENT MORTGAGE CORP.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Cause No. 4:13-cv-01737-RWS<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT PROPOSED SCHEDULING PLAN

COME NOW, the parties, by and through their counsel, in accordance with Order Setting Rule 16 Conference [Doc. #4], and propose the following Joint Proposed Scheduling Plan:

(a) **Track Assignment**. The parties agree that the Track Assignment Track <u>2</u> ("Standard") is appropriate.

(b) **Joinder of Additional Parties for Amendment of Pleadings**:

- By <u>November 29, 2013</u>;

(c) **Discovery Plan**. The parties jointly propose the following discovery plan:

(i) any agreed-upon provisions for disclosure or discovery of electronically stored information:

- The Parties do not believe there will be issues regarding disclosure or discovery of electronically stored information. The Parties specifically agree that they can produce pdfs or copies of documents rather than documents in their native format.

45684201.3

> Reproductions shall be made at cost, and the expense of such reproductions shall be borne by the party making the production. Originals and hard copies are to be maintained by the party producing them. Originals shall be made available for inspection at a mutually convenient agreed upon time.
>
> - Scanned images of a document are deemed, absent evidence to the contrary, to be accurate and correct copies of the original. Such scanned images may be admissible as the original, and no foundational objection may be made on that basis, absent evidence to the contrary. However, the parties reserve the right to object to the authenticity or admissibility of the original document from which the scanned image is made.

(ii) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production:

> - Counsel for the parties will produce a privilege log consistent with the Federal Rules of Civil Procedure for documents that are subject to withholding on the basis of privilege or work-product. Privilege and work product protections also may exist for in-house counsel, which will be addressed if required.
>
> - The parties anticipate submitting a stipulated protective order to deal with private and personal information as well as any confidential information the parties seek to keep private from the public and to limit such use to this litigation.

(iii) a date or dates by which the parties will disclose information and exchange documents pursuant to Rule 26(a)(1), Fed.R.Civ.P.;

> - The parties will disclose information and exchange documents pursuant to Federal Rule of Civil Procedure 26(a)(1) by <u>October 31, 2013</u>.

(iv) whether discovery should be conducted in phases or limited to certain issues;

> - As the case now appears, discovery need not be conducted in phases or limited to certain issues.

(v)  dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case:

Plaintiff suggests the following expert deadlines:

- Plaintiff shall disclose all retained experts and provide the reports required by Rule 26(a)(2) by <u>December 31, 2013</u>;

- Defendant shall disclose all retained experts and provide the reports required by Rule 26(a)(2) by <u>March 31, 2014</u>; and

- All parties shall disclose all rebuttal experts by <u>June 30, 2014</u>.

(vi)  whether the presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P., and twenty-five (25) interrogatories per party as set forth in Rule 33(A), Fed.R.Civ.P. should apply in this case, and if not, the reasons for the variance from the rules:

- Plaintiff submits that the presumptive limits set forth in Rule 30(a)(2)(A) for depositions, and Rule 33(A) for interrogatories shall apply.

(vii)  whether any physical or mental examinations of parties will be requested pursuant to Rule 35, Fed.R.Civ.P., and if so, by what date that request will be made and the date the examination will be completed;

- There is no need anticipated for physical or mental examinations of the parties.

3

  (viii) a date by which all discovery will be completed; and,

- All discovery shall be completed by <u>July 30, 2014</u>;

  (ix) any other matters pertinent to the completion of discovery in this case:

- The parties are not aware of other matters at this time that are pertinent to the completion of discovery in this case.

(d) The parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive:

- The parties suggest that it may be most productive for the action to be referred to mediation or early neutral evaluation within a reasonable time after the parties disclose information and exchange documents;

(e) Dates for filing any motions to dismiss or motions for summary judgment**:**

- Motions to Dismiss may be filed by the parties at any time, but no later than <u>September 1, 2014</u>.
- All potentially dispositive motions shall be filed no later than <u>October 15, 2014</u>.  The parties will confer in advance at this stage with the goal of preparing and filing a single agreed statement of material facts for the benefit of the Court and parties in briefing and adjudicating such motions.  In the event the parties are unable to reach agreement with respect to all such material facts, they may submit additional proposed findings of fact consistent with the Federal Rules of Civil Procedure.

(f) The earliest date by which this case should reasonably be expected to be ready for trial**:**

- <u>March 23, 2015</u>.

(g) An estimate of the length of time expected to try the case to verdict; and,

- Five (5) days.

4

(h)     Any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

- Counsel are not aware at this time of other matters that are appropriate for inclusion in the current Scheduling Plan.

(i)     **Disclosure of Corporate Interest**:

- Defendant Fairway Independent Mortgage Corporation has complied with Disclosure of Corporate Interest by filing a Certificate of Interest with the Court pursuant to E.D.MO LR 2.09 [Doc. #2, Filed 09/04/13].

LAW OFFICES OF JEFFREY M. WITT            DEVEREUX MURPHY LLC

 _/s/ Jeffrey M. Witt_                                                 _/s/  David D. Crane_
Jeffrey M. Witt, MO#56579                         David D. Crane, MO#29347
4119 Old Hwy 94 S.                                      Joseph F. Devereux, III, MO#62016
St. Charles, MO 63304                                 101 South Hanley Road, Suite 400
(314) 260-7376                                             St. Louis, MO 63105
(636) 438-1328 (facsimile)                         (314) 721-1516
jeff@jmwitt.com                                           (314) 721-4434 (facsimile)
                                                                     dcrane@devereuxmurphy.com
*Attorney for Plaintiffs*                                 jfdiii@devereuxmurphy.com

                                                                     *Attorney for Defendant Fairway*
                                                                       *Independent Mortgage Corp.*

## CERTIFICATE OF SERVICE

I hereby certify a true copy of the foregoing was served via the Court's ECF System on the 3rd day of October, 2013, to the following:

David D. Crane
Joseph F. Devereux, III,
101 South Hanley Road, Suite 400
St. Louis, MO 63105

   _/s/Jeffrey M. Witt_

5